UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID JOHNSON,

                                        Plaintiff,

v.                                                              6:24-cv-1371
                                                                (GTS/TWD)
NEW YORK STATE OFFICE OF CHILDRENS
AND FAMILY SERVICES,

                                        Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

David Johnson
*Plaintiff*, *pro se*
19-D-0019
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**<u>REPORT-RECOMMENDATION AND ORDER</u>**

## I.    INTRODUCTION

The Clerk has sent to the Court for review a civil rights complaint filed by *pro se* plaintiff

David Johnson ("Plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an

application to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 1, 2.  Plaintiff, who is currently

incarcerated at Mid-State Correctional Facility, has not paid the filing fee for this action.

Plaintiff claims the defendant, the New York State Office of Childrens (sic) and Family Services

("OCFS") violated his constitutional rights.  *See generally* Dkt. No. 1.

## II.    IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 1:09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds Plaintiff has submitted a completed and signed IFP application, which demonstrates economic need. Dkt. No. 2. He has also filed the inmate authorization form required in this District. Dkt. No. 3. Accordingly, Plaintiff's IFP application is granted.[1]

## III.    BACKGROUND

The following facts are set forth as alleged by Plaintiff in the complaint. Dkt. No. 1. Between 2016 and 2017, Plaintiff was "in custody of OCFS" after a "family court ruling." *Id*. at 1. At the "Goshen Secure Center," Plaintiff was "sexually assaulted by a YDA named Hogan on two occasions." *Id*. Plaintiff was also "raped by a kid in OCFS custody." *Id*. On another occasion, "[a] YDA put a bottle of diet coke on their desk and lured [Plaintiff] into drinking it." *Id*. Plaintiff became "very sick and had a fever for about a month until [he] was treated." *Id*. Plaintiff "believe[s] they gave [him] HIV or the FLU." *Id*. Plaintiff "also was drugged and raped by an individual while in placement at Fingerlakes limited secure." *Id*. at 4.

---

[1]  Plaintiff should note that although his IFP application has been granted, he will still be required to pay fees he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

Plaintiff was "restrained using too much force." *Id*.  As he was "running away," Plaintiff was "tackled" by a "YDA" and his toe was injured.  *Id*.  On another occasion, an x-ray revealed Plaintiff "had broken ribs and nothing was done to treat it." *Id*.

Plaintiff "was not given proper educational opportunities." *Id*.  "OCFS neglected to see to [Plaintiff's] educational need for [his] whole stay in their custody." *Id*.  Plaintiff "believe[s] there was a conspiracy to deny [him] from being released back into society." *Id*.

Based on the foregoing, Plaintiff claims the "Office of Childrens and Family Services failed to protect [him] from being raped[,] failed to meet [his] educational needs[,] and failed to meet [his] medical needs." *Id*.  He seeks "relief in the form of 1 hundred million United States Dollars." *Id*.

## IV.    STANDARD OF REVIEW

Section 1915(e) directs that, when a Plaintiff seeks to proceed IFP, a court should dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the compliant, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted).

## V.     DISCUSSION

### A.     Nature of Action

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights;

it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

The statute of limitations for a Section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "[A] cause of action under section 1983 accrues 'when the plaintiff knows of or has reason to know of the injury which is the basis of his action.'" *Welch v. Schenectady Cnty.*, No. 1:22-CV-9 (DNH/DJS), 2022 WL 1018438, at *3 (N.D.N.Y. Mar. 15, 2022) (other citation omitted).

**B.    The OCFS**

"The Eleventh Amendment bars [P]laintiff's claims against the OCFS because the OCFS is an arm of the State." *Iosilevich v. New York City Admin. for Children's Servs.*, No. 21-CV-466, 2021 WL 3472647, at *2 (E.D.N.Y. Aug. 6, 2021). State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotations and citations omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). Sovereign immunity extends to "state instrumentalities" like the OCFS "that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)); *see Hale v. Mann*, 219 F.3d 61, 73 (2d Cir. 2000); *see also Davis v. NYS Off. of Child. & Fam. Servs.*, No. 20:CV-1480, 2021 WL 1193044, at *5 (E.D.N.Y. Mar. 30, 2021) ("The "OCFS is an arm of the State of New York and, as such, enjoys Eleventh Amendment immunity."); *Estate of M.D. v. New York*, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017) (same).

Accordingly, it is recommended that Plaintiff's Section 1983 claims against the OCFS be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). *See, e.g., Davis*,

2021 WL 1193044, at *5 (dismissing the plaintiff's Section 1983 claims against the NYS OCFS pursuant to 28 U.S.C. § 1915(e)(2)(B) because such claims are barred by Eleventh Amendment immunity); *see also Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490 U.S. at 327)).

### C.    Leave to Amend

Generally, before the Court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the Court should afford the plaintiff the opportunity to amend at least once; however, leave to amend may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with the plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Here, Plaintiff's Section 1983 claims against the OCFS cannot proceed because OCFS is immune from suit as a state agency under the Eleventh Amendment. There are no possible amendments to the complaint that will change these facts. Accordingly, it is recommended that the dismissal against the OCFS be with prejudice.

However, out of an abundance of caution and in light of his *pro se* status, prior to the outright dismissal of this action the Court recommends that Plaintiff be given an opportunity to file an amended complaint that cures the deficiencies identified above. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules

of Civil Procedure.  If Plaintiff does not know the name of a defendant, he may refer to the that

individual as "John Doe" or "Jane Doe" in the caption, list of parties, and body of the amended

complaint.

**VI.     CONCLUSION**

      **WHEREFORE**, it is hereby

      **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 2, is

**GRANTED**, and it is further

      **ORDERED** that the Clerk provide the Superintendent of the facility, designated by

Plaintiff as his current location, with a copy of Plaintiff's inmate authorization, Dkt. No. 3, and

notify the official that this action has been filed and that Plaintiff is required to pay the Northern

District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28

U.S.C. § 1915; and it is further

      **ORDERED** that the Clerk provide a copy of Plaintiff's inmate authorization, Dkt. No. 3,

to the Financial Deputy of the Clerk's Office; and it is further

      **RECOMMENDED** that Plaintiff's Section 1983 claims against the New York State

Office of Children and Family Services be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b) with prejudice; and it is further

      **RECOMMENDED** that Plaintiff be granted leave to file an amended complaint; and it is

further

      **ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation

and Order, along with copies of the unpublished decisions cited herein in accordance with the

Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: February 18, 2025
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2]  If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2010 WL 5185047
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,

v.

BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

*REPORT AND RECOMMENDATION*[1]

[1]
    At the time the action was originally filed, the Honorable Leonard B. Sand, United States District Judge, granted plaintiff's application for *in forma pauperis* status based on plaintiff's *ex parte* submission (Docket Item 1). Although the present application seeking to revoke plaintiff's *in forma pauperis* status is non-dispositive, I address it by way of a report and recommendation to eliminate any appearance of a conflict between the decision of a district judge and that of a magistrate judge.

PITMAN, United States Magistrate Judge.

**\*1**  TO THE HONORABLE BARBARA S. JONES, United States District Judge,

I. *Introduction*

By notice of motion dated March 4, 2010 (Docket Item 11), defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke plaintiff's *in forma pauperis* ("IFP") status on the ground that plaintiff has previously had at least three Section 1983 actions dismissed as frivolous, malicious or failing to state a claim upon which relief could be granted, and has not shown that he is in imminent danger of serious physical injury. Defendant further seeks an order directing that the action be dismissed unless plaintiff pays the full filing fee within thirty (30) days. For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. *Facts*

Plaintiff, a sentenced inmate in the custody of the New York State Department of Correctional Services, commenced this action on or about January 12, 2009 by submitting his complaint to the Court's Pro Se office. Plaintiff alleges, in pertinent part, that he has "a non-healing ulcer that is gane green [*sic* ]" and that defendant Bernstein "did not want to treat the ulcer right" (Complaint, dated March 3, 3009 (Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants —Dr. Bernstein and Dr. Finkelstein. The action was dismissed as to Dr. Finkelstein because the complaint contained no allegations whatsoever concerning Dr. Finkelstein (Order dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr. Bernstein—filed the current motion. Plaintiff failed to submit a response. Accordingly, on August 20, 2010, I issued an Order advising plaintiff that if he wished to oppose the motion, he must submit his opposition by September 15, 2010 and that after that date I would consider the motion fully submitted and ripe for decision (Order dated August 20, 2010 (Docket Item 15)). The only submission plaintiff has made in response to my Order is a multi-part form issued by the New York State Department of Correctional Services entitled "Disbursement or Refund Request." [2] By this form, plaintiff appears to request that the New York State Department of Correctional Services pay the filing fee for this action. The form is marked "Denied."

[2]
    Plaintiff sent this form directly to my chambers, and it has not been docketed by the Clerk of the Court. The form will be docketed at the time this Report and Recommendation is issued.

III. *Analysis*

28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged. Although an indigent, incarcerated individual need not prepay the filing fee at the time at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts. 28 U.S.C. § 1915(b); *Harris v. City of New York,* 607 F.3d 18, 21 (2d Cir.2010). To prevent abuse of the judicial system by inmates, paragraph (g) of this provision denies incarcerated individuals the right to proceed without prepayment of the filing fee if they have repeatedly filed meritless actions, unless such an individual shows that he or she is in imminent danger of serious

physical injury. *See Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

• In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked. 2007 WL 4333776 at \*1–\*2.

3    It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

• In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at \*1, \*7.

  • In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM) (RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at \*1–\*2.

  • Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United

States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). Nelson v. Scoggy, No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. Nelson v. Scoggy, No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

[4]
>   Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the Scoggy action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6).

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci [a]list before the gane green [sic ] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." Merriweather v. Reynolds, 586 F.Supp.2d 548, 552 (D.S.C.2008), citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir.2003) and White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir.1998); see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's

history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury. [5]

[5]
>   Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided:
>
>>   Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.
>
>   Nelson v. Scoggy, supra, 2009 WL 5216955 at *4. Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

## IV. Conclusion

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's in forma pauperis status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and

2010 WL 5185047

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155

(1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Welch v. Schenectady County, Not Reported in Fed. Supp. (2022)

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 13 of 26

2022 WL 1018438

2022 WL 1018438
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Aaron WELCH, Sr., Plaintiff,
v.
SCHENECTADY COUNTY, et al., Defendants.

1:22-CV-9 (DNH/DJS)
|
Signed 03/15/2022

**Attorneys and Law Firms**

AARON WELCH, SR., Plaintiff, Pro Se, 14-B-149, Great
Meadow Correctional Facility, Box 51, Comstock, New York
12821.

**REPORT-RECOMMENDATION and ORDER**

DANIEL J. STEWART, United States Magistrate Judge

**\*1** Plaintiff filed this action seeking to assert claims under
the federal civil rights statutes. Dkt. No. 1. Plaintiff has not
paid the filing fee but has submitted an application to proceed
*in forma pauperis* ("IFP"), Dkt. No. 5, which the Court has
granted.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to
proceed *in forma pauperis*, "(2) ... the court shall dismiss
the case at any time if the court determines that − ... (B)
the action ... (i) is frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary
relief against a defendant who is immune from such relief." 28
U.S.C. § 1915(e)(2)(B). [1] Thus, even if a plaintiff meets the
financial criteria to commence an action *in forma pauperis*, it
is the court's responsibility to determine whether the plaintiff
may properly maintain the complaint that he filed in this
District before the court may permit the plaintiff to proceed
with this action *in forma pauperis. See id.*

[1]    To determine whether an action is frivolous, a court
must look to see whether the complaint "lacks an
arguable basis either in law or in fact." *Neitzke v.
Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review
any "complaint in a civil action in which a prisoner seeks
redress from a governmental entity or officer or employee of
a governmental entity" and must "identify cognizable claims
or dismiss the complaint, or any portion of the complaint,
if the complaint ... is frivolous, malicious, or fails to state a
claim upon which relief may be granted; or ... seeks monetary
relief from a defendant who is immune from such relief." 28
U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116
(2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636,
639 (2d Cir. 2007) (stating that both sections 1915 and 1915A
are available to evaluate *pro se* prisoner complaints).

In reviewing *a pro se* complaint, the court has a duty to show
liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d
605, 606 (2d Cir. 1990) (*per curiam*), and should exercise
"extreme caution ... in ordering sua sponte dismissal of a
pro se complaint *before* the adverse party has been served
and both parties (but particularly the plaintiff) have had an
opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37,
41 (2d Cir. 1983) (internal citations omitted). Therefore, a
court should not dismiss a complaint if the plaintiff has stated
"enough facts to state a claim to relief that is plausible on its
face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing
*Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in
the light most favorable to the plaintiff, "the tenet that a
court must accept as true all of the allegations contained
in a complaint is inapplicable to legal conclusions." *Id.*
"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." *Id.*
(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here
the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has
alleged - but it has not show[n] - that the pleader is entitled
to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
Rule 8 of the Federal Rules of Civil Procedure "demands
more than an unadorned, the-defendant-unlawfully-harmed-
me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell
Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading

Welch v. Schenectady County, Not Reported in Fed. Supp. (2022)

2022 WL 1018438

that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

**B. Summary of the Complaint**

**\*2** The Complaint in this case relates to proceedings in New York state court regarding Plaintiff's children. *See generally* Compl. Those proceedings are alleged to have begun in May 2013 with the commencement of child abuse proceedings against the mother of Plaintiff's children. *Id.* at p. 4. Plaintiff alleges that he first became aware of these proceedings in September 2015. *Id.* at p. 5. Plaintiff claims he attempted to discuss the matter with Defendants Fitzgerald and Hurley who refused to respond to his requests and that they ultimately withdrew the abuse allegations over his objection. *Id.*

Plaintiff also appears to allege that Fitzgerald and Hurley interfered with proceedings filed on Plaintiff's behalf regarding visitation with his children between 2016 and 2019. *Id.* at pp. 5-6. Further abuse and visitation proceedings are alleged to have taken place between 2019 and 2021 at which Defendant Gardener is alleged to have represented the mother of Plaintiff's children. *Id.* at pp. 7-8.

The Complaint asserts nine causes of action alleging the violation of various constitutional and state law rights. *Id.* at pp. 9-14. It seeks monetary damages in excess of twenty million dollars. *Id.* at p. 14-15.

**C. Analysis of the Complaint**

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. The Complaint, at least in some measure, alleges arguable claims insofar as it asserts the denial of due process rights related to visitation with Plaintiff's children. *See generally Troxel v. Granville*, 530 U.S. 57, 65 (2000) ("the interest of parents in the care, custody, and control of their children - is perhaps the oldest of the fundamental liberty interests recognized by this Court."). As pled, however, the Complaint presently is insufficient to withstand initial review.

A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at \*1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). Here, while Plaintiff has stated relevant facts with some specificity the Complaint fails to connect those facts with specific legal causes of action. Instead, the Complaint alleges violations of his rights in generally conclusory terms. To the extent Plaintiff attempts to plead a *Monell* theory of liability against Schenectady County, he does so in an entirely conclusory manner. Additionally, the Complaint names at least one Defendant, Letitia James, against whom no factual allegations are made.

"[A] court should not dismiss a complaint filed by *a pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.' " *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at \*4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. If granted leave to do so, Plaintiff's Amended Complaint should state with particularity the causes of action asserted, specifically identify the factual basis for each claim, and identify against which Defendant(s) each cause of action is asserted.

**\*3** Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096,

2022 WL 1018438

at *3 (N.D.N.Y. Feb. 25, 2015). As to two aspects of the Complaint, the Court recommends that dismissal be with prejudice and that any amended complaint that Plaintiff be permitted to file should not include these claims.

First, certain claims are barred by the applicable statute of limitations. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "[A] cause of action under section 1983 accrues 'when the plaintiff knows of or has reason to know of the injury which is the basis of his action.' " *Walker v. Cuomo*, 2012 WL 4490760, at *2 (E.D.N.Y. Sept. 27, 2012) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Many of the factual allegations and certain of the specifically identified causes of action relate to state court proceedings dating back to 2013 and going through 2017. Compl. at pp. 4-7. Claims related to those events are clearly barred by the statute of limitations and must be dismissed.

In addition, Plaintiff has named New York's Office of Children and Family Services (OCFS) as a Defendant. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted); *see also Slominski v. NYS Office of Mental Health*, 2018 WL 6977339, at *3 (N.D.N.Y. Dec. 6, 2018); *Phillips v. New York*, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) ("New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity.") (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)). Plaintiff's claim against the agency, therefore, is barred by Eleventh Amendment immunity.

As a result, the Court recommends that OCFS and all claims predating 2019 be dismissed with prejudice, but that the remainder of the Complaint be dismissed without prejudice to the filing of an amended complaint.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

[2]     If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2022 WL 1018438

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Iosilevich v. New York City Administration for Children's Services, Not Reported in Fed....

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 16 of 26

2021 WL 3472647

2021 WL 3472647
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Ilya Feliksovich IOSILEVICH, Plaintiff,

v.

NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES, Ms. Collar, ACS Caseworker,
Ms. Altice, Caseworker, New York State Office
of Children and Family Services, Defendants.

21-CV-466 (RPK) (LB)
|
Signed 08/06/2021

**Attorneys and Law Firms**

Ilya Feliksovich Iosilevich, Brooklyn, NY, Pro Se.

**MEMORANDUM AND ORDER**

RACHEL P. KOVNER, United States District Judge:

**\*1** *Pro se* plaintiff Ilya Feliksovich Iosilevich brings an
action under 42 U.S.C. § 1983 against the New York City
Administration for Children's Services ("ACS"), the New
York State Office of Children and Family Services ("OCFS"),
and two ACS caseworkers. He also challenges New York
Social Services Law § 422 under the federal and New York
State Constitutions. Plaintiff's request to proceed *in forma
pauperis* is granted. Plaintiff's claims against the ACS and
the OCFS are dismissed, as are his First Amendment claim
against ACS caseworkers and his constitutional challenge
to Section 422. Plaintiff's Fourth Amendment claims and
corresponding claims under the New York State Constitution
may proceed against ACS caseworkers, once they are
identified.

**BACKGROUND**

The following facts are drawn from the complaint and
assumed to be true for the purposes of this order.

Plaintiff lives with his wife and two children at a house in
Brooklyn. Compl. (Dkt. #1) at 5.[*] Two ACS caseworkers
visited plaintiff's house on January 22, 2021. *Ibid.* Plaintiff

was not home. *Ibid.* Plaintiff's wife answered the door and
then contacted plaintiff to let him know that ACS caseworkers
had arrived. *Ibid.* Plaintiff instructed his wife not to let the
caseworkers enter the house. *Ibid.* Plaintiff also told her that
no one from his family should speak with ACS caseworkers
without a lawyer present. *Id.* at 6-7.

[*]     Citations follow the pagination assigned by the
        Electronic Court Filing ("ECF") system rather than
        the documents' internal pagination.

When plaintiff returned home, ACS caseworkers were inside
the house. *Id.* at 8. The caseworkers informed plaintiff that
his wife had permitted them to enter and speak with her. *Ibid.*
Plaintiff replied that he revoked any permission granted to the
caseworkers to be in his home or to question his family. *Ibid.*
Although ACS caseworkers told plaintiff that he could not
film them, plaintiff videotaped the encounter on his iPhone.
*Id.* at 8-9.

Plaintiff is now suing the defendants for violating his rights
under the federal and New York State Constitutions. *Id.* at
4, 9-14. Plaintiff alleges that ACS caseworkers violated his
rights under the Fourth, Fifth, and Fourteenth Amendments
and his rights under article I of the New York State
Constitution by searching his home without a warrant and
by refusing to leave after he revoked his wife's consent to
the caseworkers' entry. *Id.* at 4, 9-10. Plaintiff also alleges
that the caseworkers "tried to violate" his First Amendment
and state constitutional rights by telling him that he could not
film the investigation. *Id.* at 4, 8. In addition, plaintiff appears
to allege that ACS caseworkers violated the Fourth, Fifth,
and Fourteenth Amendment rights and state constitutional
rights of his wife and stepson by (1) conducting a warrantless
search of the home without valid consent, *id.* at 4, 9-10; (2)
failing to provide them with "mini-Miranda" warnings, *id.*
at 4, 10-11; and (3) failing to provide them with counsel,
*ibid.* Finally, plaintiff challenges the constitutionality of New
York Social Services Law § 422(7), which authorizes OCFS
Commissioner to withhold the identity of a person who
reports child abuse. Compl. at 11-12. Plaintiff seeks damages,
as well as injunctive and declaratory relief. *Id.* at 20-27.

**STANDARD OF REVIEW**

**\*2** When a litigant files a lawsuit *in forma pauperis*, the
district court must dismiss the case if it determines that the
complaint "is frivolous or malicious," that it "fails to state

Iosilevich v. New York City Administration for Children's Services, Not Reported in Fed....

2021 WL 3472647

a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and ... however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). When a complaint falls short, the plaintiff should be given an opportunity to amend the complaint if a "liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

## DISCUSSION

### I. Claims Asserted on Behalf of Plaintiff's Wife and Stepson

Plaintiff's claims that state workers violated the rights of his wife or stepson must be dismissed. Plaintiff, who is not a licensed attorney, *see* Mot. for Leave to Proceed In Forma Pauperis (Dkt. #2) at 2, cannot act on behalf of his wife or stepson, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *see Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). And a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 86 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 509 (1975)). To assert a third party's constitutional claims, a plaintiff must "demonstrate ... a close relationship to the injured party and ... a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). Plaintiff does not allege any obstacles that would keep his wife or stepson from bringing a separate

action. Accordingly, plaintiffs' claims that officers violated the constitutional rights of his wife and stepson are dismissed for failure to state a claim upon which relief can be granted.

### II. Claims Against OCFS and ACS

Plaintiff's claims against the OCFS and the ACS are dismissed because those defendants are not proper parties to this lawsuit.

#### A. The OCFS

The Eleventh Amendment bars plaintiff's claims against the OCFS because the OCFS is an arm of the State. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotations and citations omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). Sovereign immunity extends to "state instrumentalities" like the OCSF "that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)); *see Hale v. Mann*, 219 F.3d 61, 73 (2d Cir. 2000); *Estate of M.D. v. New York*, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017). And no waiver or abrogation of sovereign immunity has occurred here. *See Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017). Plaintiff's claims against the OCFS are therefore dismissed for failure to state a claim upon which relief can be granted.

#### B. The ACS

**\*3** Plaintiff's claims against the ACS are dismissed because the ACS is an agency of the City of New York. Claims against such agencies must generally "be brought in the name of the city of New York and not in that of any agency." *See* N.Y. City Charter Ch. 17 § 396. Because the ACS itself is not a suable entity, plaintiff's claims against the agency are dismissed for failure to state a claim upon which relief may be granted. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Graham v. City of New York*, 869 F. Supp. 2d 337, 348 (E.D.N.Y. 2012) ("[The] ACS is an agency of the City of New York and cannot be sued independently.").

### III. Free Speech Claims Against ACS Caseworkers

Plaintiff's free speech claims under the state and federal Constitutions also fall short.

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 18 of 26

Iosievich v. New York City Administration for Children's Services, Not Reported in Fed....

2021 WL 3472647

Plaintiff's claim that ACS caseworkers attempted to violate his First Amendment rights is dismissed because plaintiff's allegations do not state a claim under Section 1983. "Section 1983 imposes liability only upon those who actually cause a deprivation of rights." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Accordingly, courts have consistently rejected claims for attempted constitutional violations under Section 1983. *See Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987) ("[T]he mere *attempt* to deprive a person of his First Amendment rights is not, under usual circumstances, actionable under [S]ection 1983."); *Dooley v. Reiss*, 736 F.2d 1392, 1394-95 (9th Cir. 1984); *Anderson v. Cameron*, No. 13-CV-578V(Sr), 2016 WL 11259015, at *4 (W.D.N.Y. Sept. 14, 2016) (collecting cases), *report and recommendation adopted by* No. 13-CV-578-MAT, 2017 WL 2240253 (W.D.N.Y. May 23, 2017); *Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06CV1420(AHN), 2007 WL 2697452, at *5 (D. Conn. Sept. 11, 2007) (same); *see also Mozzochi v. Borden*, 959 F.2d 1174, 1180 (2d Cir. 1992) ("Several courts have held that the success of an attempt to deprive an individual of constitutional rights is critical to whether those rights have in fact been violated."). The reason is simple. "[C]laims brought pursuant to [Section] 1983 sound in tort," *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999), and unlike the doctrine of attempt in criminal law, "[t]here are no attempted torts," *United States v. Stefonek*, 179 F.3d 1030, 1036 (7th Cir. 1999) (internal quotation marks omitted); *see Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1420 (2016) (Thomas, J., dissenting) ("Nothing in the text of [Section] 1983 provides a remedy against public officials who attempt but fail to violate someone's constitutional rights."). Here, plaintiff has alleged only an attempted violation of his First Amendment rights—not an actual violation. In particular, plaintiff alleges that ACS caseworkers "tried to violate [plaintiff's] First Amendment right[s]" when they told him "that it is 'against the law' to record them." Compl. at 8. But he admits that he was not prohibited from videotaping the encounter. *See id.* at 9. Accordingly, this claim is dismissed for failure to state a claim.

For the same reasons, plaintiff fails to state a claim under article I, section 8 of the New York State Constitution. That provision states that "[e]very citizen may freely speak, write, and publish his or her sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." N.Y. Const. art. I, § 8. New York has not enacted a statute that provides a cause of action for the deprivation

of state constitutional rights. *See Hawthorne by Hawthorne v. Cnty. of Putnam*, 492 F. Supp. 3d 281, 304 (S.D.N.Y. 2020). The New York Court of Appeals has recognized implied causes of action for violations of the New York State Constitution's equal protection and search and seizure clauses, *see Brown v. New York*, 674 N.E.2d 1129, 1138-39 (N.Y. 1996), but has not addressed whether an implied cause of action exists for violations of article I, section 8. If such a cause of action does exist, it sounds in tort law. *Brown*, 674 N.E.2d at 1132-33. And a claim "in a constitutional tort action" rests on "the failure to fulfill a stated constitutional duty," *id.* at 1133, not an attempt to breach a duty. Even assuming that plaintiff can sue under article I, section 8, he does not allege that the caseworkers violated his state constitutional right to free speech. Thus, plaintiff's article I, section 8 claim is dismissed for failure to state a claim upon which relief may be granted.

## IV. Challenge to New York Social Services Law § 422(7)

**\*4** Plaintiff challenges the constitutionality of New York Social Services Law § 422(7) under the New York and federal Constitutions. Section 422 specifies that reports to the Statewide Central Register ("SCR") "shall be confidential and shall only be made available to" enumerated entities, including the "person who is the subject of the report or other persons named in the report." N.Y. Soc. Serv. § 422(4)(A), § 422(4)(A)(d). The identity of the reporter shall not be disclosed to the subject of the report. *Id.* § 422(4)(A). And the Commissioner of the OCFS may also "prohibit the release of data that would identify the person who made the report ... which he reasonably finds will be detrimental to the safety or interests of such person." *Id.* § 422(7). Construed liberally, the complaint alleges that these disclosure limits violate plaintiff's rights under the Due Process Clauses of the Fifth Amendment and Fourteenth Amendments and of the New York State Constitution; the Equal Protection Clauses of the Fourteenth Amendment and of the New York State Constitution; and the Confrontation Clauses of the Sixth Amendment and the New York State Constitution. Compl. at 11-12. These challenges fail to state a claim upon which relief may be granted and are dismissed without prejudice.

### A. Federal Due Process Rights

Construed liberally, the complaint contends that Section 422 deprives plaintiff of due process in violation of the Fifth and Fourteenth Amendments. Plaintiff's claim under the Fifth Amendment is dismissed without prejudice because that amendment "only applies to actions taken by the [f]ederal

Iosilevich v. New York City Administration for Children's Services, Not Reported in Fed....

2021 WL 3472647

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 19 of 26

"[g]overnment," and plaintiff has not alleged any acts by federal actors. *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 288 (E.D.N.Y. 2010). The Fourteenth Amendment does provide due process protections against the State, but plaintiff's claim under that provision is dismissed because plaintiff fails to state a claim for deprivation of either procedural or substantive due process rights.

Plaintiff fails to state a procedural due process claim because he does not allege that the State deprived him of a cognizable life, liberty, or property interest. "To formulate a claim under the Due Process Clause of the Fourteenth Amendment, a plaintiff must demonstrate that he ... possesses a constitutionally protected interest in life, liberty, or property, and that state action has deprived him ... of that interest." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). While plaintiff asserts that his "character will be 'defamed' if [he does] not know the name of [his] accuser," Compl. at 12, "loss of reputation" alone is not enough "to rise to the level of a protectible liberty interest," *Valmonte*, 18 F.3d at 999; *see Paul v. Davis*, 424 U.S. 693, 701 (1976) ("[R]eputation alone, apart from some more tangible interests such as employment, is [neither] 'liberty' [nor] 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause."). Instead, a plaintiff must allege "stigma plus" "some other tangible element," *Valmonte*, 18 F.3d at 99, by showing: "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights," *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004)). For example, a plaintiff's inability "to get a job in the child-care field" because "all child care providers must consult [the SCR]" coupled with stigma qualifies as a protected interest. *Valmonte*, 18 F.3d at 1001. Here, plaintiff does not allege a loss of employment opportunities or any other "plus." Since plaintiff has not alleged the deprivation of a protected liberty or property interest, his procedural due process challenge is dismissed without prejudice.

Plaintiff has also failed to adequately plead that Section 422 violates his substantive due process rights. The Second Circuit has explained that to determine if "a government rule or regulation infringes a substantive due process right," a court must decide "whether the asserted right is fundamental," meaning "implicit in the concept of ordered liberty, or deeply rooted in this Nation's history and tradition." *Bryant v. N.Y.*

*State Educ. Dep't*, 692 F.3d 202, 217 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Leebaert v. Harrington*, 332 F.3d 134, 140 (2d Cir. 2003)). Laws that infringe fundament rights "must be narrowly tailored to serve a compelling government interest." *Ibid.* But laws that infringe non-fundamental rights "need only be reasonably related to a legitimate state objective." *Ibid.* (quoting *Immediato v. Rye Neck Sch. Dist.*, 73 F.3d 454, 461 (2d Cir. 1996)).

**\*5** Plaintiff has failed to adequately plead a claim under these principles. Plaintiff has not alleged the Section 422 interferes with a fundamental right, because he has alleged, at most, reputational harm. "[T]here is no fundamental right to one's own reputation." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010); *see Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010); *Lambert v. Hartman*, 517 F.3d 433, 444 (6th Cir. 2008). And plaintiff has not plausibly alleged that Section 422 is not "reasonably related to a legitimate state objective." *Bryant*, 692 F.3d at 217 (quoting *Immediato*, 73 F.3d at 461). Confidentiality safeguards like those in Section 422 serve the State's "compelling interest in protecting its child-abuse information" by encouraging witnesses to come forward "without fear of general disclosure." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60-61 (1987); *see Selapack v. Iroquois Cent. Sch. Dist.*, 17 A.D.3d 1169, 1171 (N.Y. App. Div. 2005). Plaintiff's allegations that the vast majority "of suspects of investigations are not some violent people who will confront their accuser with a baseball bat," Compl. at 12, and that he himself does not "[pose] a danger to [his] accuser," *id.* at 11—even if true—would not counter the principle that laws protecting the identity of child-abuse reporters serve compelling interests because witnesses to child abuse are deterred from making reports by the risk of losing their anonymity. *See Ritchie*, 480 U.S. at 60-61. Plaintiff's argument that "the right of an accused should outweigh the State's interest to protect a possibility of safety risk of the reporter," Compl. at 11, fails to plead a substantive due process violation because so long as no fundamental right is at stake, courts analyzing substantive due process rights consider only whether a challenged provision is "reasonably related to a legitimate state objective." *Bryant*, 692 F.3d at 217. Since plaintiff has not made the requisite allegations for a substantive due process attack on Section 422, his challenge fails to state a claim and is dismissed without prejudice.

### B. State Due Process Rights

Plaintiff's challenge under the due process clause of the New York State Constitution fails for the same basic reasons as his federal due process claim. "With some exceptions, New

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 20 of 26

Iosilevich v. New York City Administration for Children's Services, Not Reported in Fed....

2021 WL 3472647

York courts have interpreted the due-process guarantees of the New York Constitution and the United States Constitution to be coextensive—or assumed that they are." *Oneida Indian Nation v. Madison Cnty.*, 665 F.3d 408, 427 n.13 (2d Cir. 2011). Plaintiff makes a similar assumption, alleging that Section 422 violates the New York State due process clause for the same reasons that the statute violates the federal Due Process Clause. Compl. at 12. Accordingly, the shortcomings in plaintiff's federal due process claim also doom his state due process argument. In any event, plaintiff's state due process claim would fail because it is conclusory. His "[t]hreadbare recital" that Section 422 violates state due process protections is a "legal conclusion couched as a factual allegation" and "[does] not suffice" to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The state due process challenge is therefore dismissed without prejudice.

**C. Equal Protection Clauses**

Plaintiff does not plead sufficient factual support to sustain his federal or state equal protection challenges. Federal equal protection claims generally require "adverse treatment ... compared with other similarly situated individuals" that is "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Miner v. Clinton Cnty.*, 541 F.3d 464, 474 (2d Cir. 2008) (quoting *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005)). Plaintiff has not made factual allegations that would support an equal protection claim. He simply cites a case for the principle that discriminatory enforcement can violate the Equal Protection Clause and conclusorily asserts that New York State Social Services Law § 422(7) "is arbitrarily applied against me and other members of similarly situated class members." Compl. at 14. But to state a claim upon which relief may be granted, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Because plaintiff's allegations are conclusory, his allegations under the federal Equal Protection Clause fail to state a claim upon which relief can be granted.

Plaintiff's state equal protection claim fails for the same reason. Plaintiff asserts only that the New York State Constitution contains an equal protection clause and that Section 422 violates it "[f]or reasons stated above." Compl. at 12. Plaintiff's mere assertion that the State applies Section 422 arbitrarily is a legal conclusion that does not state a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678.

Plaintiff's federal and state equal protection challenges are thus dismissed without prejudice.

**D. Confrontation Clauses**

**\*6** Plaintiff's confrontation clause claims are meritless. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. New York's Constitution contains a broader guarantee, granting the "party accused" the right to "be confronted with the witnesses against him or her" "[i]n any trial in any court," N.Y. Const. art I, § 6—not simply in a criminal trial. *See In re Sawyer*, 823 N.Y.S.2d 641, 643 (N.Y. Sup. Ct. 2006). Plaintiff has failed to state a claim under either of these provisions. He alleges only that he faces an ACS investigation—not a trial of any kind. Because plaintiff has not alleged that he was denied the right to confront witnesses in in a "criminal prosecution[ ]," U.S. Const. art. VI, or a "trial in any court," N.Y. Const. art I, § 6, petitioner has not alleged a violation of the federal or state confrontation clauses.

**CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is granted. Plaintiff's claims against the ACS and the OCFS, his First Amendment claim against ACS caseworkers under Section 1983, and his challenges to Section 422 are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to the ACS and the OCFS, and the Clerk of the Court is respectfully directed to correct the caption to reflect their dismissal.

For now, plaintiff's federal Fourth Amendment claims and the corresponding claims under article I, section 12 of the New York State Constitution may proceed. Plaintiff may file an amended complaint to correct the deficiencies described above within 30 days. The complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, only plaintiff's federal Fourth Amendment claims and the corresponding claims under article I, section 12 of the New York State Constitution will proceed. The United States Marshals Service will not be able to serve defendants without further identifying information. Accordingly, the Court requests that Corporation Counsel for the City of New York ascertain the full names of ACS caseworkers

Iosilevich v. New York City Administration for Children's Services, Not Reported in Fed....

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 21 of 26

2021 WL 3472647

involved in the alleged incident. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam); *Mortimer v. City of New York*, No. 15 Civ. 7186 (KPF), 2018 WL 1605982, at *4 n.6 (S.D.N.Y. Mar. 29, 2018) (noting *Valentin* order that had issued to identify ACS caseworkers). The Court also requests that Corporation Counsel provide the addresses where ACS caseworker defendants can currently be served. This information should be provided to the Court within 45 days from the date of this Order. After Corporation Counsel submits that information, the United States Marshals Service shall serve the defendants without prepayment of fees. Once the defendants have been identified, plaintiff's complaint shall be deemed amended to reflect their full names.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 3472647

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 22 of 26

Davis v. NYS Office of Children and Family Services, Not Reported in Fed. Supp. (2021)

2021 WL 1193044

2021 WL 1193044
Only the Westlaw citation is currently available.
For Online Publication Only
United States District Court, E.D. New York.

Rolanda J. DAVIS, Plaintiff,
v.
NYS OFFICE OF CHILDREN AND
FAMILY SERVICES, et al., Defendants.

20-CV-1480 (JMA) (ARL)
|
Signed 03/30/2021

**Attorneys and Law Firms**

Rolanda J. Davis, Deer Park, NY, Pro Se.

S.M.D., Pro Se.

K.J.D., Pro Se.

## ORDER

AZRACK, United States District Judge:

 **\*1** By Order dated September 24, 2020 (the "Order"), the Court denied the application to proceed in forma pauperis filed by pro se plaintiff Rolanda J. Davis ("plaintiff"). (Order, ECF No. 7.) The Court ordered plaintiff to either remit the $400 filing fee or renew her application to proceed in forma pauperis upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") attached to the Order within twenty-one (21) days. (Id. at 2.) On November 19, 2020, plaintiff filed the Long Form. (ECF No. 10.) Albeit untimely, the Court accepts it for filing. Upon review, the Court finds that plaintiff is qualified by her financial position to commence this action without prepayment of the filing fee. However, for the reasons that follow, the complaint is sua sponte dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and with leave to file an amended complaint.

## I. THE COMPLAINT

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form and names as defendants the Suffolk County Department of Social Services

(CPS) ("DSS"), Suffolk County Commissioners John A. Johnson ("Johnson"), Frances Pierre ("Pierre"), and Dennis Nowak ("Nowak"), and the New York State Office of Children and Family Services ("NYSOCFS" and collectively, "defendants"). In its entirety, plaintiff's fact section alleges: [1]

> During November 10th, 2003 plaintiff Rolanda J. Davis was confined to 3 different detention centers were excessive force of abuse was used to subdue as well as misusage of medication, and misdiagnosis for a period of two and a half years. While under the care of NYS OCFS, Suffolk County Commissioner, and Suffolk County Department of Social Services.

> On September 21st 2017 unsupported allegations from a local shelter was ordered in a petition by Suffolk County Social Services ordering a removal of a child S.D. [2] Kinship resource were provided to aid child. Later JCCA admission without parental consent wall administrated. JCCA later informed mother of restraints used on children. On July 26, 2018, plaintiff son was also removed without prior supported notice and evidence to either allegation under case file # 133449.

Compl. ¶ II. In the space on the form that calls for a description of any claimed injuries, plaintiff responded:

> During placement in detention center little medical treatment was provided after a full prone body restraint resulting in severe body aches and pains, busted lips and emotional discomfort. Removal of my children S and K result in maladaptive behavior and complications during pregnancy due to high levels of distress. Further emotional distress and mental abject.

Id. ¶ II.A. For relief, plaintiff seeks "[t]he reunification of both of my children. Amnesty from the County of Suffolk and adjust agreement. Assistive compensation awarded of $1.6 million for past and present occurrances involving Commissioner(s) listed and both children state/federal agencies." Id. ¶ III.

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 23 of 26

Davis v. NYS Office of Children and Family Services, Not Reported in Fed. Supp. (2021)

2021 WL 1193044

1    Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2    The Court has used initials to identify plaintiff's minor child, rather than her full name, in accordance with the E-Government Act of 2002, as amended.

## II. DISCUSSION

### A. In Forma Pauperis Application

**\*2** Upon review of plaintiff's renewed application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this case without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While " 'detailed factual allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. at 678 (quoting Twombly, 550 U.S. at 555).

### C. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" against each defendant named so that they have adequate notice of the claims against them. FED. R. CIV. P. 8(a)(2), see Iqbal, 556 U.S. at 678 (holding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Velasquez v. Suffolk Cty. Police (7th Precinct), No. 19-CV-5368, 2019 WL 6726217, at *3 (E.D.N.Y. Dec. 11, 2019) (internal quotation marks and citation omitted). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal citations and alterations omitted). Although the Court must afford pro se pleadings a liberal construction, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Ogidi-Abegaje v. Nassau Community College, No. 19-CV-5519, 2020 WL 7699643, at *1-2 (E.D.N.Y. Dec. 28, 2020). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

**\*3** Here, as is readily apparent, plaintiff's complaint falls far short of the required pleading standard. Plaintiff's allegations are wholly conclusory and are devoid of factual content, making it impossible to determine the basis for her claims, the manner in which she was allegedly harmed, and who, if anyone, harmed her. In addition, wholly absent from plaintiff's complaint is any description of what, if anything, each defendant named in complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights. See Mendes Da Costa v. Marcucilli, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (affirming dismissal where it was "virtually impossible to link the various defendants to [the

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 24 of 26

Davis v. NYS Office of Children and Family Services, Not Reported in Fed. Supp. (2021)
2021 WL 1193044

plaintiff's] alleged injuries"). Moreover, the complaint fails to sufficiently allege a deprivation of plaintiff's constitutional rights. Because conclusory allegations are insufficient to give fair notice of the events of which she complains, see, e.g., Williams v. Ponte, 16-CV-5420, 2019 WL 4696425, *2 (E.D.N.Y. Sept. 26, 2019) (dismissing claims where allegations were merely conclusory), plaintiff's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

42 U.S.C. § 1983. In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). The statute of limitations applied to claims brought pursuant to Section 1983 is three years. See Kelly v. New York, 19-CV-2063, 2020 WL 7042764, *12 (E.D.N.Y. Nov. 30, 2020) (citing N.Y. C.P.L.R. § 214(5); Wheeler v. Slanovec, 16-CV-9065, 2019 WL 2994193, *5 (S.D.N.Y. July 9, 2019)) ("[F]ederal courts in New York apply a three-year statute of limitations for personal injury actions to § 1983 claims") (additional citation omitted)). Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

**1. Timeliness of Plaintiff's Section 1983 Claims**

As a threshold matter, to the extent that plaintiff seeks to impose Section 1983 liability for events alleged to have occurred in 2003, such claims appear barred by the three-year statute of limitations. See Cotto v. City of New York, No. 17-2845, 2020 WL 1228765 (2d Cir. Mar. 13, 2020) ("Section 1983 actions filed in New York are ... subject to a three-year statute of limitations.") (citation omitted); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015) ("Section 1983 actions in New York are subject to a three-year statute of limitations," which "run[s] from the time a 'plaintiff knows or has reason to know of the injury' giving rise to the claim.") (first citing Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); then quoting Cornwall v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994)). Plaintiff filed her complaint in this Court on March 16, 2020, approximately seventeen years after her alleged unlawful detention in 2003. (Compl. ¶ II.)

**\*4** A failure to file a claim within the statute of limitations period is an affirmative defense, and sua sponte dismissal of plaintiff's claims arising from conduct alleged to have occurred in 2003 as time-barred is generally improper without first providing plaintiff notice and an opportunity to be heard. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) (holding that it was error for the district court to sua sponte dismiss a prisoner's complaint with prejudice on the basis of an anticipated statute of limitations defense without granting the prisoner notice and an opportunity to be heard). "Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading." Harris v. Admin. for Children Servs., No. 20-CV-6832, 2020 WL 5983236, at *2 (S.D.N.Y. Oct. 7, 2020) (citing Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds)). Given plaintiff's pro se status and in an abundance of caution, plaintiff's Section 1983 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and with leave to file an amended complaint as set forth below.

**2. Personal Involvement**

Plaintiff names Commissioners Johnson, Pierre, and Nowak as defendants but does not mention any of these individuals

Davis v. NYS Office of Children and Family Services, Not Reported in Fed. Supp. (2021)

2021 WL 1193044

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 25 of 26

in the body of the complaint nor are there any factual allegations against any of them. Indeed, the only mention these individuals is in the caption of the complaint. (See Compl, generally.) As noted above, in order to allege a plausible § 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). As the Second Circuit recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could reasonably construe a plausible Section 1983 claim against these defendants. Indeed, although plaintiff names Commissioners Johnson, Pierre, and Nowak as defendants, there are no allegations of conduct or inaction attributable to any of them. Thus, plaintiff has not alleged a plausible claim against Commissioners Johnson, Pierre, and Nowak and these claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). See Gray v. Nassau Cty. Jail, No. 20-CV-02585, 2020 WL 4783400, at *3 (E.D.N.Y. Aug. 18, 2020) (sua sponte dismissing Section 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) where plaintiff did not include any facts from which the Court could plausibly construe a Section 1983 claim against supervisors).

### 3. Due Process Claims

Affording the pro se complaint a liberal construction, it appears that plaintiff seeks to pursue a due process claim under the Fourteenth Amendment. "Parents have a 'substantive right under the Due Process Clause to remain together with their children without the coercive interference of the awesome power of the state.' " Hagans v. Nassau Cty. Dep't of Soc. Servs., No. 18-CV-1917, 2020 WL 1550577, at *5 (E.D.N.Y. Mar. 31, 2020) (quoting Southerland v. City of N.Y., 680 F.3d 127, 142 (2d Cir. 2012)) (additional citation omitted). "While a procedural due process claim challenges the procedure by which a removal is effected, a substantive due process claim challenges the 'fact of the removal' itself." Hagans, 2020 WL 1550577, at *5 (internal quotation marks

and citation omitted). To establish a substantive due process violation based on the removal of children from the home, " 'a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " Mortimer v. City of N.Y., No. 15-CV-7186, 2018 WL 1605982, at *14 (S.D.N.Y. Mar. 29, 2018) (quoting Southerland, 680 F.3d at 151) (internal quotation marks omitted). In addition, procedural due process requires that, "before parents may be deprived of the care, custody, or management of their children without their consent, due process -- ordinarily a court proceeding resulting in an order permitting removal --must be accorded to them." Hagans, 2020 WL 1550577, at *5 (internal quotation marks and citation omitted). However, "children may be removed without a court order or parental consent in emergency circumstances where there is objectively reasonable evidence that the 'children will be left bereft of care and supervision' and that the risk of harm to the children is imminent." Hagans, 2020 WL 1550577, at *5 (citing Mortimer, 2018 WL 1605982, at *16).

**\*5** As is readily apparent, plaintiff's sparse allegations do not allege a plausible due process claim under a theory of either substantive or procedural due process. Wholly absent are any factual allegations from which the Court could reasonably construe a plausible due process claim. Accordingly, plaintiff's due process claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and with leave to file an amended complaint.

### 4. Immunity

Even if plaintiff had properly alleged a plausible Section 1983 claim, her claims against the NYSOCFS are barred by the Eleventh Amendment. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity...." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief." Yi Sun v. Saslovsky, No. 19-CV-10858, 2020 WL 6828666, at *3 (S.D.N.Y. Aug. 6, 2020) (citing Green v. Mansour, 474 U.S. 64, 72-74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984)).

NYSOCFS is an arm of the State of New York and, as such, enjoys Eleventh Amendment immunity. See Saslovsky, 2020

Case 6:24-cv-01371-GTS-TWD    Document 4    Filed 02/18/25    Page 26 of 26

Davis v. NYS Office of Children and Family Services, Not Reported in Fed. Supp. (2021)

2021 WL 1193044

WL 6828666, at *3 (citing Estate of M.D. v. New York, 241 F. Supp. 3d 413, 421-22 (S.D.N.Y. 2017) (OCFS enjoys Eleventh Amendment immunity); Finch v. N.Y.S. Office of Children & Family Servs., 499 F. Supp. 2d 521, 535-36 (S.D.N.Y. 2007) (holding that Statewide Central Register of Child Abuse and Maltreatment ("SCR") supervisors that were sued in their official capacities enjoy same); Valmonte v. Peralesa, 788 F. Supp. 745, 755 (S.D.N.Y. 1992) (holding that the County Social Services Commissioners who supervise SCR enjoy same), rev'd on other grounds sub nom. Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994)). Accordingly, the Court dismisses plaintiff's Section 1983 claims against the NYSOCFS pursuant to 28 U.S.C. § 1915(e)(2)(B) because such claims are barred by Eleventh Amendment immunity.[3]

[3]    Such claims are also implausible because a state agency is not a "person" for purposes of Section 1983 liability. Saslovsky, 2020 WL 6828666, at *3 n. 2 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989)) (holding that a state agency is not a "person" for the purpose of section 1983 liability).

### III. LEAVE TO AMEND

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, in an abundance of caution, the Court grants plaintiff thirty (30) days to amend her complaint to properly state a claim. Should plaintiff choose to file an amended complaint, the amended complaint must allege facts in support of her claims, including facts showing that equitable tolling applies to her untimely claims. She must also provide facts stating a claim for relief. Plaintiff must allege who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief. She must also name as defendants the individuals who violated her rights and, to the greatest extent possible, plaintiff must describe all relevant events, stating the facts that support plaintiff's case, including what each defendant did or failed to do and how each defendants acts or omissions violated plaintiff's rights. If plaintiff does not know the identities of the individuals she seeks to hold liable, she may name them as John Doe or Jane Doe and shall provide sufficient factual information in support of her claims against them.

**\*6** Any amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 20-CV-1480, and shall be filed within thirty (30) days from the date of this Order. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under FED. R. CIV. P. 8 and 28 U.S.C. § 1915. Should plaintiff prepare an amended complaint, she should carefully consider this Order and amend her claims accordingly.

If plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within thirty (30) days, she will not have another opportunity to re-plead, and the Court will enter judgment. Alternatively, plaintiff may pursue any valid claims she may have against the defendants under state law in state court.

### IV. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

### SO ORDERED.

### All Citations

Not Reported in Fed. Supp., 2021 WL 1193044

---

    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.