UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID JOHNSON,

                           Plaintiff,

                                                            6:24-CV-1371
v.                                                          (GTS/TWD)

NEW YORK STATE OFFICE OF CHILDRENS
AND FAMILY SERVICES; NATASHA ROBINSON;
ANFERNEE SIMMONS; JOHN DOE #1; and
SEAN COMBS,
                           Defendants.
_____

APPEARANCES:

DAVID JOHNSON, 19-D-0019
  Plaintiff, *Pro Se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by David Johnson

("Plaintiff") against New York Office of Children's and Family Services ("OCFS"), Natasha

Robinson, Anfernee Simmons and Sean Combs ("Defendants"), is United States Magistrate

Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's claims

against Defendant OCFS be dismissed with prejudice based on Eleventh Amendment immunity

but that Plaintiff be permitted an opportunity to file an Amended Complaint to cure the pleading

deficiencies in his remaining claims.  (Dkt. No. 4.)

Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which

to do so has expired.  (*See generally* Docket Sheet.)  Instead, Plaintiff has filed an Amended

Complaint.  (Dkt. No. 6.)

      Plaintiff's haste to file an Amended Complaint before receiving a Decision and Order on

Magistrate Judge Dancks' Report-Recommendation has complicated matters.  This is because it

is unclear (at least to the undersigned) that Plaintiff had an absolute right to file such an

Amended Complaint under Fed. R. Civ. P. 15(a)(1), because he had not yet served his

Complaint.[1]  If he did possess such a right, then his Amended Complaint has superseded his

original Complaint in all respects,[2]  and, arguably, Plaintiff's Amended Complaint has partially

mooted Magistrate Judge Dancks' Report-Recommendation, which analyzed Plaintiff's *original*

Complaint.[3]  Furthermore, if he did possess such a right, then he would have exercised it (and

thus used his one allotted amendment without leave, "as a matter of course," under Fed. R. Civ.

---

[1]      Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days *after serving it* . . . ."  Fed. R. Civ. P. 15(a)(1)(A) (emphasis added).  Here, Plaintiff never served his Complaint; thus, he is arguably not yet within the 21-day window in which he may filed an Amended Complaint as a matter of course.  *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[2]      *See Int'lControls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); cf. N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[3]      Such a result would arguably create an issue regarding the efficient use of judicial resources under the Federal Magistrates Act of 1968.

P. 15[a][1]) without the benefit of the undersigned's ruling on Magistrate Judge Dancks'

Report-Recommendation, which appears generally disfavored by the Second Circuit.[4]  This

would hardly be an extension of special solicitude to Plaintiff.  Moreover, disregarding (or

striking) his Amended Complaint would hardly be an extension of special solicitude to Plaintiff

(particularly because the Amended Complaint appears to be an improvement, however slight, on

his original Complaint).  Finally, it would unduly delay the proceeding (which has already been

pending almost six months) to merely *presume* that Plaintiff wishes to proceed in this action

based on his currently filed Amended Complaint, and give him a reasonable opportunity to rebut

that presumption (as the undersigned has done in the past).

    As a result, out of special solicitude to Plaintiff, the Court will apply the Report-

Recommendation to the Amended Complaint, but will not consider the Amended Complaint as

Plaintiff's use of his one allotted amendment without leave, "as a matter of course," under Fed.

R. Civ. P. 15(a)(1).

    After carefully doing so, the Court can find no clear error in the Report-

Recommendation:[5] Magistrate Judge Dancks employed the proper standards, accurately recited

---

[4]    *Cf. Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

[5]    When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  To those reasons, the Court adds the following three points.

First, Plaintiff's Amended Complaint has removed Defendant OCFS as a party to the action.  This is good, because the Court would have agreed with Magistrate Judge Dancks that the Court lacks subject-matter jurisdiction over Plaintiff's claims against Defendant OCFS in light of the doctrine of sovereign immunity under the Eleventh Amendment.  This is also good because his abandonment of his claims against Defendant OCFS effectively constitutes a dismissal of those claims without prejudice; and the undersigned would have respectfully disagreed with Magistrate Judge Dancks' Report-Recommendation that those claims should have been dismissed with prejudice.[6]  Such a dismissal without prejudice would have offered the added benefit of effectively giving this *pro se* Plaintiff an opportunity to identify the individual(s) whom he may correctly sue in the proper capacity and/or for the proper relief and/or file an action in state court.

Second, the Court finds that the pleading defects in any Section 1983 claims asserted in the Amended Complaint include untimeliness (and the failure to allege facts plausibly suggesting

[6]      The Court would have found that the more prudent course, under the circumstances, would be to dismiss the Complaint without prejudice.  *See Mulhern Gas Co., Inc. v. Rodriguez*, 23-CV-1267, 2024 WL 3992588, at *8 (N.D.N.Y. Aug. 29, 2024) (Suddaby, J.) ("In light of this significant uncertainty [regarding whether a dismissal pursuant to the Eleventh Amendment is jurisdictional or merely an affirmative defense] . . . , the Court finds that the most appropriate course is to dismiss the claims against Defendant New York Department of State, Defendant Code Council, and the various individual defendant members of the Code Council in their official capacities only without prejudice."); *Van De Bovenkamp v. Neb. Dep't of Roads*, 11-CIV-6881, 2012 WL 13389071, at *1 (S.D.N.Y. March 16, 2012) ("Given the uncertainty in the case law and the recent cases where the Second Circuit has affirmed an Eleventh Amendment dismissal on the basis of subject matter jurisdiction, the Court will dismiss this action without prejudice.").

the applicability of the doctrine of equitable tolling) and the failure to allege facts plausibly

suggesting any state action by Defendant Sean Combs.

Third, although Plaintiff is currently incarcerated in the Northern District of New York,

the events giving rise to his claims appear to have occurred in Brooklyn and Goshen, New York.

Brooklyn is a borough of New York City in Kings County, New York and Goshen is a town in

Orange County, New York.  For purposes of federal jurisdiction, Kings and Orange Counties are

part of the Eastern and Southern Districts of New York (respectively).  As a result, when

reviewing the pleading sufficiency of an Second Amended Complaint filed by Plaintiff,

Magistrate Judge Dancks is respectfully invited to examine (should she so choose) the

appropriateness of transfer to the Eastern or Southern Districts.

       **ACCORDINGLY**, it is

       **ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is

**<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

       **ORDERED** that the Clerk of Court is directed to amend the docket sheet to

**TERMINATE** as a Defendant the New York State Office of Childrens and Family Services

("OCFS") as of February 27, 2025 (the date of filing of Plaintiff's Amended Complaint, which

withdrew Plaintiff's claims against that Defendant);

       **ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) **shall be <u>DISMISSED</u>**

**with prejudice** and without further Order of the Court **UNLESS**, **within THIRTY (30) DAYS**

from the entry of this Decision and Order, Plaintiff files a **SECOND AMENDED**

**COMPLAINT** that cures the pleading defects identified in this Decision and Order; and it is

further

       **ORDERED** that Plaintiff's Second Amended Complaint must be a complete pleading

which shall not incorporate any portion of his prior pleadings by reference, and that Plaintiff's

Second Amended Complaint will supersede his Amended Complaint in its entirety in all

respects; and it is further

       **ORDERED** that, upon Plaintiff's filing of a Second Amended Complaint, it shall be

referred to Magistrate Judge Dancks for her review.

Dated:  May 2, 2025
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge